[Civ. No. 11640. First Appellate District, Division Two.—March 3, 1941.]

In the Matter of the Estate of WILMA SARLES McCOLLUM, Deceased. FLOYD A. McCOLLUM, Appellant, v. JANE SARLES, Respondent.

Bardin, Harrington & Bardin and Hubert Wyckoff, Jr., for Appellant.

John Milton Thompson for Respondent.

NOURSE, P. J.—An appeal is taken from a decree determining heirship under section 1080 of the Probate Code. Wilma Sarles McCollum died testate February 22, 1939. The portions of her will pertinent to this inquiry read: "FIRST: Provided JANE SARLES, my Grandmother by reason of the adoption by her and WILLIAM SARLES, her husband, the latter now deceased, of my Mother, MYRTLE SARLES McCOLLUM, now deceased, survives me and lives on to receive on distribution of my estate the property hereby bequeathed and devised to her, I give, devise, and bequeath to the said Jane Sarles all property of every kind and nature whatsoever and wheresoever situate of which I may die possessed.

"SECOND: In the event that the said JANE SARLES predeceases me or does not live on to receive on distribution the property herein bequeathed and devised to her, I direct my Executor hereinafter named to convert so much of my property except as herein otherwise provided as may be necessary to pay my funeral expenses, the expenses of my last illness, all just debts which may be proved against my estate, and all legacies herein bequeathed, into cash as soon as the same can be done without unreasonable sacrifice of any of said property, and out of the proceeds thereof after my funeral expenses, the expenses of my last illness, all just debts which may have been proven against my estate, and the expenses of administration thereon have been paid, I give and bequeath as follows:" (Here follow five specific bequests and the declaration that the testatrix expressly refrains from leaving anything to her father because the entire estate had come to her through inheritance from her grandfather because of an error in the latter's will.) The decedent left no heir other than her father, the appellant herein, and her grandmother to whom the estate was devised.

The question raised on this appeal is correctly stated by respondent as follows: "Is the rule against perpetuities violated by a provision in a will which suspends the vesting

of title not possibly longer than the period of a life in being at the date of death of the testatrix?''

The pertinent provisions of the statutes controlling read: (Civ. Code, secs. 715, 716) *"Restraints upon alienation.* Except in the single case mentioned in section seven hundred seventy-two, the absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than as follows:
1. During the continuance of the lives of persons in being at the creation of the limitation or condition; or
2. For a period not to exceed twenty-five years from the time of the creation of the suspension.

*"Future interests void, which suspend power of alienation.* Every future interest is void in its creation which, by any possibility, may suspend the absolute power of alienation for a longer period than is prescribed in this chapter. Such power of alienation is suspended when there are no persons in being by whom an absolute interest in possession can be conveyed.''

■ Appellant argues that the provisions of the will quoted are void because they attempt to create a future interest contrary to the limitations of these code sections. If this is so it would be because the future interest suspended the absolute power of alienation ''for a longer period than is prescribed in this chapter.'' But the limit of the period prescribed in the chapter is found in section 715 as either during the continuance of the lives of persons in being, or for a period not to exceed twenty-five years. It will be noted that these limitations are in the alternative. The period of years has no application if the suspension runs only during the life of a person in being at the time of the creation of the limitation. It is only when the power of alienation is suspended as to one not in being at the time of its creation that the period of years comes into play.

■ Here the devisee under the will was eighty-two years of age when the interest was created. She survived the testatrix and would have taken the full estate under the decree of distribution which was ordered. Her rights have been suspended only by this appeal. The intention of the testatrix is plain, and her attempt to dispose of her estate is fully within the law.

Appellant places much stress upon *Estate of Campbell,* 28 Cal. App. (2d) 102 [82 Pac. (2d) 22]. In that matter the will attempted to leave the residue of the estate ''to the four

chair officers of San Diego Lodge No. 168 Benevolent and Protective Order of Elks, being the four chair officers in office at the time of distribution of my estate.'' It was there held that because distribution might not take place for more than twenty-five years after the testator's death, this provision of the will was void under the code sections. The distinction between the two wills is plain. In the Campbell will there was no tie of the time within which the contingency must occur to any life in being at the testator's death. This being so the second alternative in section 715 became applicable. Here the contingency was expressly tied into the life of the devisee. If she were alive at the time of the death of the testatrix then she took a contingent interest dependent upon her living until distribution. If she had died before the death of the testatrix the whole clause fell by its own terms, and no question of future interests or suspension would arise to defeat the special bequests under the will.

The decree is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1941.